UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        Case No. 15-cr-20442
                                                          District Judge Paul D. Borman

TRAVOUGHN DANIELS,

      Defendant.                 /

**ORDER DENYING DEFENDANT'S MOTION FOR RESENTENCING
AND REQUEST FOR COMPASSIONATE RELEASE (ECF NO. 301, JULY
20, 2020)**

Defendant Travoughn Daniels, 27 years old, is incarcerated at FCI-Elkton
(Ohio) based on a 15-year (180 month) sentence imposed after pleading guilty to
two counts of his Indictment before Judge Gerald Rosen (retired). Defendant was
sentenced to 120 months in prison on Count One, the mandatory minimum
sentence, for Conspiring to Possess With Intent to Distribute and to Distribute five
Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and
60 months in prison on Count Four, the mandatory minimum sentence, for
Possession of a Firearm in Furtherance of a Drug Trafficking Offense, 18 U.S.C. §
924(c). The sentences must run consecutive to each other. (ECF No. 301,
Government Response, Page ID 2950.)

Defendant Daniels reported to prison on April 7, 2017. (Government Response, ECF No. 309, Page ID 3191.) Mr. Daniels has completed approximately 43 months of his 180-month sentence.

On April 27, 2020, FCI-Elkton Warden Mark Williams denied Defendant's request for compassionate release/reduction in sentence. (Defendant's Motion, ECF No. 301, 301-1, Exhibit D.) His release date from prison is April 2030 (with credit for good conduct). (Government Response, ECF No. 309, Page ID 3189.)

Defendant requests the "Court pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A), to reduce the remainder of Mr. Daniels' 180-month term of imprisonment to time served, and to impose special conditions that he serve the balance of his sentence in home confinement on supervised release or other conditions this Honorable Court sees appropriate." (ECF No. 301, Page ID 2948.)

Defendant contends that he "is at a heightened risk of death or serious illness from COVID-19…His past and current medical needs include asthma, Focal Segmental Glomerulonephritis (FSG) a kidney disorder and Interstitial Nephritis and secondary hypertension…In combination, these place Mr. Daniels in the COVID-19 highest risk category." (*Id*., at p. 2949.)

Defendant asserts that:

> Asthma is a condition listed on CDC guidelines as people of any age with asthma as underlying medical condition are at increased risk for severe illness from COVID-19.

2

> FSG is a chronic kidney condition (CKD) where the
> CDC lists as people of any age with certain underlying
> medical conditions are at increased risk for severe illness
> from COVID-19.
>
> ….
>
> If left untreated, CKD can progress to kidney failure and
> early cardiovascular disease.
>
> ….
>
> Hypertension is also listed on CDC website as a serious
> condition that increases your risk of severe illness from
> COVID-19.

(*Id.*, at Page ID 2953-54.)

Defendant notes that he received a COVID-19 antigen test, and the results

were negative, which Defendant contends creates an increased risk of contracting

COVID-19 while incarcerated. (*Id.*, at Page ID 2955.)

Defendant contends that his criminal history does not include violent

offenses. (*Id.*, at Page ID 2956.)

Defendant contends that the BOP is unable to ensure his health and well-

being (*Id.*, at Page ID 2956), and this is particularly so at FCI-Elkton. (*Id.*, at Page

ID 2959.)

Finally, Defendant contends that if "compassionate release/RIS is granted,

he will live with his sister Ebony Daniels in Detroit, Michigan. Defendant notes

that he was released on bond at the onset of this case and resided with his sister

3

Ebony Daniels without any issues throughout the pendency of the case." (*Id*., at Page ID 2961-62.)

The Government Response in Opposition initially focuses on Defendant Daniels' extensive criminal behavior:

> Defendant Travoughn Daniels had just pleaded guilty to illegally possessing a handgun and was on bond when DEA arrested him with yet another handgun in his waist while trying to access five kilograms of cocaine hidden in a spare tire. But he admitted to conspiring to distribute as many as 25 kilograms of cocaine.

(Government Response, 8/7/2020, ECF No. 309, Page ID 3189.) The Government adds:

> Even though Daniels's medical condition qualifies as "extraordinary and compelling" in light of COVID-19, he should not be released before his scheduled date--he remains a danger to the community, which forecloses relief under U.S.S.G. § 1B1.13(2). Because § 3582(c)(1)(A) requires that release be "consistent with" the Sentencing Commission's policy statements, Daniels fails to meet the mandatory criteria in U.S.S.G. § 1B1.13. Likewise, § 3553(a) factors--which the Court must also consider under § 3582(c)(1)(A)--do not support release. His Motion should be denied.

(*Id*., at Page ID 3189-3190.)

## ANALYSIS

Defendant contends that "the COVID-19 pandemic is devastating the BOP." (ECF No. 301, Page ID 2949.) On the other hand, United States Court of Appeals for the Sixth Circuit recently noted, with regard to FCI-Elton:

4

> The BOP has in fact put in place and updated its
> protocols to address the novel risks from CODID-19. The
> BOP's steps to prevent and mitigate the COVID-19
> spread at Elkton are likely reasonable responses to this
> serious risk.

*Wilson v. Williams*, 961 F.3d 829, 844 (6th Cir. 2020).

The Court notes that as of August 18, 2020, FCI-Elkton has two active positive COVID-19 cases, 982 recovered, and nine deaths. The BOP has performed 2,140 tests for COVID-19 at FCI-Elkton.

Defendant's Motion lists the six medications he receives at FCI-Elkton  for his medical conditions:

1.    Mometasone Furate for Eczema;

2.    Albuterol Sulfate for Asthma;

3.    Aspirin, 81 mg., for heart pain;

4.    Selenium Sulfide lotion for skin;

5.    Fluoxetine hc1 for mental health; and

6.    Lisinopril hc1 for blood pressure and FSG.

 (ECF No. 301, Page ID 2952-53.) Thus, the BOP is responding to his medical conditions with attention and medication.

The Government Response notes that "During the three years he has been at BOP, Daniels has committed at least five violations, ranging from failure to follow

visitation policy or being in undesignated areas, to the more serious offenses of using and possessing drugs in August of 2019." (ECF No. 309, Page ID 3197-98.)

The Court finds that the BOP provides Defendant with attention and medication for his medical conditions:

1.    His moderate intermittent asthmatic condition which was managed by Albuterol as needed during his youth (6-18 years old) (Defendant's Motion, ECF No. 301, Exhibit A, Dr. Smitherman letter), continues to be managed while he is in custody.

2.    His childhood kidney issue--FSG--which presented at age 10, is now controlled by medication. While the Government states that the CDC has identified Chronic Kidney Disease (CKD) of any stage as a risk factor for COVID-19, and thus may initially qualify as an "extraordinary and compelling reason" for relief, the first eligibility threshold for compassionate release, there is no evidence that this condition "substantially diminishes the ability of the Defendant to provide self-care within the environment of a correctional facility, and from which he is not expected to recover." U.S.S.G. § 1B1.13(1)(A), cmt. n.1(A)(ii)(I).

Defendant's record of receiving his medications indicates that he is active and able to self-care at FCI-Elkton by taking his medications during his time at FCI-Elkton. The Court further notes that Defendant's record of prison misconduct violations, including the use of a controlled substance, indicates that his criminal behavior continues even while incarcerated.

## CONCLUSION

The evidence before the Court of his criminal history activity, before the instant offenses, during the instant offenses, and even while being imprisoned, establish that he continues to be a danger to the safety of the community. Applying the 18 U.S.C. § 3553(a) factors which the Court must consider, under 18 U.S.C. § 3182(c)(1)(A) impel the Court to conclude that Defendant does not qualify for compassionate release. The § 3553(a) factors are:

(1)    The nature and circumstances of the instant offenses:  A large quantity of cocaine and possession of a firearm in conjunction with a drug offense, are very serious offenses. His criminal history clearly indicates his contempt for the law and for the Courts by his continuing criminal behavior while on release, and thereafter while in prison.

(2)    There is a continuing need that he serve a significant portion of his sentence , to promote respect for the law and provide just punishment for the offenses of conviction, to deter criminal conduct by others, and in particular, to protect the public from further crimes of Defendant Daniels. The Court notes that a recent Sixth Circuit opinion, *United States v. Kinkaid*, 805 F. App'x 394, 395-396 (6th Cir. 2020), approves of a court's consideration of the percentage of time served in its required discussion of these 3553(a) factors:

> District courts routinely weigh whether a certain amount of time served is "sufficient, but not greater than necessary" to serve § 3553(a)'s purposes. That's what happens at

sentencing. A district court may use
that same calculus when deciding
whether to grant a motion for
compassionate release.

In the instant case, Mr. Daniels has completed less
than 25% of his 180-month sentence.

Finally, Sentencing Guideline 1B1.13(2), requires the Court to determine

whether Defendant's release would be a danger to the community as required in 18

U.S.C. § 3142(g). The Court finds that in this case the evidence is overwhelming

that, if released, Defendant would be a danger to the community.

Accordingly, the Court denies Defendant's Motion for Release Pursuant to

18 U.S.C. § 3182(c)(1)(A).

SO ORDERED.

DATED:  August 25, 2020          s/Paul D. Borman
                                 PAUL D. BORMAN
                                 UNITED STATES DISTRICT JUDGE